**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TERRENCE JOSEPH MCGUIRK,

                Petitioner,

v.                                                  CIVIL ACTION NO. 2:20-cv-00150

UNITED STATES MARSHAL,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Petition for a Write of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1) and attached exhibits. Because the Petitioner is acting *pro se,* his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). This matter was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, by *Standing Order* (Document 2) entered on February 25, 2020. On February 26, 2020, Magistrate Judge Eifert entered an order directing the Respondent to respond to the Petition within sixty days. Based on the Court's familiarity with the Petitioner's underlying criminal case, as well as previous § 2241 motions, the Court finds that the referral should be withdrawn and this matter should be dismissed without a response.

The Petitioner, Terrence Joseph McGuirk, was detained on federal criminal charges pending before this Court in Criminal No. 2:18-cr-225-5, involving conspiracy to distribute large quantities of methamphetamine, when he filed the Petition on February 24, 2020. In the Petition, he indicates that he sought to have it filed prior to jury selection on February 20, 2020. He asserts

various evidentiary and procedural arguments related to the criminal case. On the scheduled trial date of February 24, 2020, Mr. McGuirk, along with his remaining co-defendants,[1] entered a plea of guilty pursuant to a plea agreement. He is currently detained awaiting sentencing.

Mr. McGuirk previously filed two Section 2241 complaints related to the criminal case, both of which the Court dismissed. *See* Civ. Action No. 2:19-cv-625 and No. 2:19-cv-677. As the Court explained in dismissing the prior petitions, 28 U.S.C. § 2241 permits the filing of pretrial petitions for habeas relief. However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Where a §2241 petition seeks relief that may be pursued before the trial court in the criminal proceeding, courts have routinely dismissed the habeas petition. *See, e.g.*, *Lucas v. Francis*, No. CA 2:15-0626, 2015 WL 9899362, at *4 (S.D.W. Va. Dec. 28, 2015) (VanDervort, M.J.); *Saunders v. U.S. Marshal Serv.*, No. CV 1:16-1149-BHH-SVH, 2016 WL 4118927, at *1 (D.S.C. Apr. 29, 2016), *report and recommendation adopted*, No. CV 1:16-1149-BHH, 2016 WL 4060955 (D.S.C. July 29, 2016); *Ketchum v. Unnamed Respondent*, No. 5:11-HC-2228-FL, 2012 WL 3629027, at *1 (E.D.N.C. Aug. 22, 2012); *LeSane v. United States*, No. 3:08CV247, 2008 WL 4154303, at *1 (E.D. Va. Sept. 5, 2008), *aff'd*, 308 F. App'x 694 (4th Cir. 2009) ("To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal pretrial detainee must first exhaust other available remedies.").

This Petition reiterates many of the same complaints that Mr. McGuirk presented in both the previous petitions and during the course of the criminal case. His guilty plea moots many of the alleged issues, and others have been previously addressed. To the extent the Petition contains

---

[1] One co-Defendant did not enter a guilty plea, and the United States dismissed the case as to that individual on February 25, 2020.

allegations that are not mooted by the guilty plea, it presents no extraordinary circumstances supporting habeas relief and is not the appropriate forum for such challenges.

Accordingly, after careful consideration, and pursuant to the screening provision contained in 28 U.S.C. § 1915A, the Court **ORDERS** that the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1) be **DISMISSED** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record and to any unrepresented party.

ENTER:   March 4, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA